

# INTERNATIONAL CONSTRUCTION EQUIPMENT, INC

**Equipment Lease Agreement**
Submitted by: Brad Sullivan
412 Harvey Blvd. Belle Chasse, LA. 70037
Tele: (504) 444-1101   Fax: (504) 910-9814

Date: 7/9/2014    Lease #: 000008

Lessee: Laborde Const. LLC     Lessee Rep: Bo     PO#: 1408-07092014
Project Name: Standard     Project Location (City, State): Baton Rouge, LA
Office Phone: 225-755-0250    Office Fax:     Job Phone: 337-692-0630    Job Fax:
Ship Date: when ready     Deliver By: asap    Rent Start Date: 07-10-14    Est. End Date: 1 month
Ship From: Belle Chasse   Ship Via:     Sales Tax:    State:    Tax Exempt #:
General Contractor:     Bonding Company:
Bill to: Laborde Const. P.O. Box 85112 Baton Rouge, LA 70884     Ship to: Laborde Const. 744 Aster Baton Rouge, LA 70802

This lease agreement is between International Construction Equipment, INC (ICE) and the Lessee indicated above as authorized by the Lessee's duly authorized representative (Lessee Rep) also indicated above. ICE agrees to lease to Lessor and Lessor agrees to lease from ICE the following Equipment (plus all components and accessories not specifically listed but normally provided with same) in accordance with the terms and conditions herein clearly stated.

| Qty | Description | Part Number | Serial Number | Rental Rate Daily | Rental Rate Weekly | Rental Rate Monthly | Ins Value (US$) |
|---|---|---|---|---|---|---|---|
| 1 | I 30 v2 Deisel Hammer | LMI30 | | | | | 69,750 |
| 1 | DCB-2HD Drive cap base | 700006 | | | | | 8,500 |
| 1 | DCC-18 INSERT (ship from Texas) | 700024C | | | | | 9,050 |
| 1 | 32" X 32' Taper top lead | N701441 | | | | | 10,860 |
| 6 | 32" X 16' Mid leads | N701439 | | | | | 31,572 |
| 1 | 32" X 8' Mid lead | N701442 | | | | | 3,192 |
| 1 | 23" X 4' Stab section lead | N701444 | | | | | 2,244 |
| 8 sets | 1 1/4" X5" bolts & self locking nuts (80 total) | 32Boltset | | | | | 1,600 |
| | Totals (excluding applicable taxes, duties, licenses) | | | 0 | 2834 | 8,500 | 136,768 |

All of the "Standard Terms and Conditions" on the next page plus any special terms and/or conditions included in our written proposal dated   7/9/2014   are an integral part of this Equipment Lease Agreement. By signing below, the parties hereto cause this Agreement to be executed by their duly authorized representative. delivery and/or usage of the Equipment included in this Lease Agreement by the Lessee constitutes this Equipment Lease Agreement as written.

_Brad Sullivan_   7/9/2014
ICE, LLC Representative   Date

Lessee's Representative   Date

EXHIBIT A

## EQUIPMENT LEASE AGREEMENT STANDARD TERMS AND CONDITIONS

**RENTAL PERIOD** - The rental period begins on and includes the date of delivery of the Equipment to the Lessee and ends on and includes the date of arrival of the Equipment at the required return location.

**PAYMENT TERMS** - Payment terms for this lease are net 30 days firm with billings for rentals at the inception of each rental period.

**AVAILABILITY OF EQUIPMENT** - The availability of the Equipment is subject to rental and/or sales commitments in place at the time of the actual Lessee instructed delivery date. If the Equipment is not available on the date required by the Lessee, and the Lessee's schedule prevents an alternate delivery date, this lease agreement will be canceled in full without recourse by either Lessee or Lessor.

**INSURANCE** - Lessee will provide ICE with evidence in a form satisfactory to ICE of a valid Physical Damage Equipment insurance policy covering the Lessee, including the interests of ICE as an additional insured, and providing a ten-day notice of cancellation. Such evidence shall be submitted prior to delivery of the Equipment; however, failure to provide the insurance certificate does not relieve Lessee of full financial insurance responsibility for the Equipment. Lessee is also responsible for losses not otherwise insured.

**TRANSPORTATION** - Equipment rental rates do not include transportation charges. All transportation charges to and from the jobsite will be for the Lessee's account. Lessee is responsible for returning the Equipment back to the original ICE shipping location unless otherwise specified on the preceding page of this agreement. If the freight carrier is specified by the Lessee or if the Lessee transports the Equipment to and/or from the jobsite, all responsibility for loss or damage to the Equipment in transit rests with the Lessee. ICE shall not be responsible in any manner for delays in or resulting from delivery of the Equipment. If ICE is asked to arrange freight for the convenience of the Lessee, freight charges invoiced to the Lessee will be actual freight charges incurred plus a 10% handling fee.

**DETERMINATION OF RENTAL CHARGES** - Equipment rental rates shown on the preceding page(s) of this agreement are for one eight-hour shift per day. Charges for use for successive eight-hour shifts, or any parts thereof, would be at the established rental rate for an eight-hour day for each additional eight-hour shift or part thereof. In the event that the Equipment is unused, the rental charge shall be for one eight-hour shift per day.

For the purposes of determining rental charges, a week is five days and a month is 30 calendar days. For any Equipment remaining in the possession of the Lessee beyond one or more full months, the rental rate shall be 1/30 of the monthly rate for each calendar day of possession by the Lessee. Similarly, for possessions beyond one or more full weeks, the daily rental rate shall be 1/5 of the weekly rental rate. Rates for extra shift charges will be similarly prorated.

The rental rates in this agreement are exclusive of any and all taxes, duties or other such fees. Lessee, therefore, agrees to be financially responsible for and to pay these rental charges plus any and all taxes, duties, fees and/or licenses, which are based on such rental charges or the use of the Equipment, including, but not limited to, sales taxes, state and local privilege or use taxes or excise taxes on gross revenue.

**OPERATION, MAINTENANCE AND REPAIR** - The Equipment shall be delivered to the Lessee in normal operating condition and must be returned to ICE in the same condition, less "normal wear and tear." "Normal wear and tear" is that which may be expected to result from the use of the Equipment under normal conditions and in a manner so as not to void the product warranty. The Lessee shall operate and maintain the Equipment in a normal manner and see that the Equipment is not subjected to careless or needlessly rough usage. Maintenance shall include, but shall not be limited to, all instructions in the operating and maintenance manuals plus specific instructions provided by ICE personnel. It is the responsibility of the Lessee to clean this equipment prior to its return to remove any job related debris or other contaminates. If the Equipment is not returned to ICE in the previously defined condition, any and all charges incurred by ICE to return the Equipment to such condition shall be the financial responsibility of the Lessee.

**JOB BREAKDOWNS** - If any of the Equipment breaks down on the job, ICE shall have the option to: (1) request the Lessee to make the required repairs, (2) send a ICE serviceman to make the repairs, or (3) replace the Equipment with another unit.

All repairs resulting from normal wear and tear, excluding Lessee labor, will be for ICE's account. All repairs resulting from operation or handling causing damage exceeding normal wear and tear will be for the Lessee's account.

ICE is not responsible for any charges that the Lessee may incur because of mechanical malfunction of the Equipment, and ICE shall not in any manner be charged or held liable for any backcharges whatsoever or any direct, indirect, special or consequential damages.

**EQUIPMENT PERFORMANCE** - Based on conditions disclosed by the Lessee, ICE reasonably expects that the Equipment will perform as required. However, due to ever-present variable factors and underground soil conditions, ICE cannot guarantee performance. Except as set forth herein, ICE makes no warranty, express or implied, concerning the suitability of, or operation of the Equipment. Lessee agrees that its sole remedy in the event of the inability of the Equipment to perform as required will be termination of this Agreement and return of the Equipment to ICE in accordance with its terms. Lessee further agrees that ICE shall not be responsible for any direct or consequential damages of any nature whatsoever except for such remedies as are expressly provided herein.

**ALTERATIONS OR ATTACHMENTS** - Lessee agrees to make no alterations in, or attachments to, the Equipment without prior written consent of ICE. Any and all alterations in, or attachments to, the Equipment are to be removed and/or replaced by the Lessee prior to the return of the Equipment to ICE. If such work has not been performed, all costs incurred by ICE to restore the Equipment to its original condition will be to the Lessee's account.

**CONFESSION OF JUDGMENT AND OTHER REMEDIES OF ICE** - It is agreed that, in addition to the remedy of ICE to enter and retake possession of the Equipment in case of any default, the Lessee further authorizes any attorney of any court of record to appear for it and confess judgment against it and in favor of ICE for any and all expense incident to the retaking thereof, which damages, rental expense and charges, the Lessee hereby authorizes any prothonotary or clerk of any court of record to assess, together with a reasonable attorney's commission and costs of suit, hereby releasing and waiving all errors, inquisition, stays of execution and the right to any hearing or any appeal. Any remedy or remedies herein granted to ICE are expressly understood and agreed to be the cumulative and not alternative. In the event that an action other than judgment by confession is filed by ICE to enforce the provisions of this lease, ICE shall be entitled to its reasonable attorneys' fees as determined by the Court.

**GENERAL** - Lessee agrees not to remove the Equipment from the original location of this Agreement without prior written consent of ICE. This Agreement is not assignable. None of the Equipment may be sublet, assigned or transferred by Lessee without prior written consent of ICE. Any attempt by Lessee to sublet, assign or transfer any of the Lessee's rights, duties or obligations under this Agreement is void. All Equipment furnished under this Agreement shall remain the property of ICE. ICE may retake possession of the Equipment at any time after its discontinuance from rental or the termination of this Agreement. ICE may inspect the Equipment at any time. This Agreement constitutes the entire contract between ICE and Lessee with respect to the rental of the Equipment. The foregoing terms and conditions shall prevail notwithstanding any variance with the terms and conditions of any order submitted by the Lessee with respect to the rental of the Equipment. Any usage of "ICE" in these terms and conditions is understood to refer to International Construction Equipment, INC.

Initials_____



**Equipment Lease Agreement**
**Submitted by: Brad Sullivan**
412 Harvey Blvd. Belle Chasse, LA. 70037
Tele: (504) 444-1101  Fax: (504) 910-9814

Date: 7/9/2014     Lease #: 000008

Lessee: Laborde Const. LLC     Lessee Rep: Bo     PO#: 1408-07092014

Project Name: Standard     Project Location (City, State): Baton Rouge, LA

Office Phone: 225-755-0250     Office Fax:     Job Phone: 337-692-0630     Job Fax:

Ship Date: when ready     Deliver By: asap     Rent Start Date: 07-10-14     Est. End Date: 1 month

Ship From: Belle Chasse   Ship Via:     Sales Tax:     State:     Tax Exempt #:

General Contractor:     Bonding Company:

Bill to: Laborde Const.
P.O. Box 85112
Baton Rouge, LA 70884

Ship to: Laborde Const.
744 Aster
Baton Rouge, LA 70802

This lease agreement is between International Construction Equipment, INC (ICE) and the Lessee indicated above as authorized by the Lessee's duly authorized representative (Lessee Rep) also indicated above. ICE agrees to lease to Lessor and Lessor agrees to lease from ICE the following Equipment (plus all components and accessories not specifically listed but normally provided with same) in accordance with the terms and conditions herein clearly stated.

| Qty | Description | Part Number | Serial Number | Rental Rate Daily | Rental Rate Weekly | Rental Rate Monthly | Ins Value (US$) |
|---|---|---|---|---|---|---|---|
| 1 | I 30 hydraulic start complete | 702367-PL | | | | | 8,250 |
| 1 | Model 35 power Unit w/ 200 ft hase bundle | 830329 | | | | | 18,204 |
| | Totals (excluding applicable taxes, duties, licenses) | | | 0 | 200 | 600 | 26,454 |

All of the "Standard Terms and Conditions" on the next page plus any special terms and/or conditions included in our written proposal dated     7/9/2014     are an integral part of this Equipment Lease Agreement. By signing below, the parties hereto cause this Agreement to be executed by their duly authorized representatives. Also, acceptance of delivery and/or usage of the Equipment included in this Lease Agreement by the Lessee constitutes full acceptance of this Equipment Lease Agreement as written.

_Brad Sullivan_     7/9/2014
**ICE, LLC Representative**     **Date**         **Lessee's Representative**     **Date**

## EQUIPMENT LEASE AGREEMENT STANDARD TERMS AND CONDITIONS

**RENTAL PERIOD** - The rental period begins on and includes the date of delivery of the Equipment to the Lessee and ends on and includes the date of arrival of the Equipment at the required return location.

**PAYMENT TERMS** - Payment terms for this lease are net 30 days firm with billings for rentals at the inception of each rental period.

**AVAILABILITY OF EQUIPMENT** - The availability of the Equipment is subject to rental and/or sales commitments in place at the time of the actual Lessee instructed delivery date. If the Equipment is not available on the date required by the Lessee, and the Lessee's schedule prevents an alternate delivery date, this lease agreement will be canceled in full without recourse by either Lessee or Lessor.

**INSURANCE** - Lessee will provide ICE with evidence in a form satisfactory to ICE of a valid Physical Damage Equipment insurance policy covering the Lessee, including the interests of ICE as an additional insured, and providing a ten-day notice of cancellation. Such evidence shall be submitted prior to delivery of the Equipment; however, failure to provide the insurance certificate does not relieve Lessee of full financial insurance responsibility for the Equipment. Lessee is also responsible for losses not otherwise insured.

**TRANSPORTATION** - Equipment rental rates do not include transportation charges. All transportation charges to and from the jobsite will be for the Lessee's account. Lessee is responsible for returning the Equipment back to the original ICE shipping location unless otherwise specified on the preceding page of this agreement. If the freight carrier is specified by the Lessee or if the Lessee transports the Equipment to and/or from the jobsite, all responsibility for loss or damage to the Equipment in transit rests with the Lessee. ICE shall not be responsible in any manner for delays in or resulting from delivery of the Equipment. If ICE is asked to arrange freight for the convenience of the Lessee, freight charges invoiced to the Lessee will be actual freight charges incurred plus a 10% handling fee.

**DETERMINATION OF RENTAL CHARGES** - Equipment rental rates shown on the preceding page(s) of this agreement are for one eight-hour shift per day. Charges for use for successive eight-hour shifts, or any parts thereof, would be at the established rental rate for an eight-hour day for each additional eight-hour shift or part thereof. In the event that the Equipment is unused, the rental charge shall be for one eight-hour shift per day.

For the purposes of determining rental charges, a week is five days and a month is 30 calendar days. For any Equipment remaining in the possession of the Lessee beyond one or more full months, the rental rate shall be 1/30 of the monthly rate for each calendar day of possession by the Lessee. Similarly, for possessions beyond one or more full weeks, the daily rental rate shall be 1/5 of the weekly rental rate. Rates for extra shift charges will be similarly prorated.

The rental rates in this agreement are exclusive of any and all taxes, duties or other such fees. Lessee, therefore, agrees to be financially responsible for and to pay these rental charges plus any and all taxes, duties, fees and/or licenses, which are based on such rental charges or the use of the Equipment, including, but not limited to, sales taxes, state and local privilege or use taxes or excise taxes on gross revenue.

**OPERATION, MAINTENANCE AND REPAIR** - The Equipment shall be delivered to the Lessee in normal operating condition and must be returned to ICE in the same condition, less "normal wear and tear." "Normal wear and tear" is that which may be expected to result from the use of the Equipment under normal conditions and in a manner so as not to void the product warranty. The Lessee shall operate and maintain the Equipment in a normal manner and see that the Equipment is not subjected to careless or needlessly rough usage. Maintenance shall include, but shall not be limited to, all instructions in the operating and maintenance manuals plus specific instructions provided by ICE personnel. It is the responsibility of the Lessee to clean this equipment prior to its return to remove any job related debris or other contaminates. If the Equipment is not returned to ICE in the previously defined condition, any and all charges incurred by ICE to return the Equipment to such condition shall be the financial responsibility of the Lessee.

**JOB BREAKDOWNS** - If any of the Equipment breaks down on the job, ICE shall have the option to: (1) request the Lessee to make the required repairs, (2) send a ICE serviceman to make the repairs, or (3) replace the Equipment with another unit.

All repairs resulting from normal wear and tear, excluding Lessee labor, will be for ICE's account. All repairs resulting from operation or handling causing damage exceeding normal wear and tear will be for the Lessee's account.

ICE is not responsible for any charges that the Lessee may incur because of mechanical malfunction of the Equipment, and ICE shall not in any manner be charged or held liable for any backcharges whatsoever or any direct, indirect, special or consequential damages.

**EQUIPMENT PERFORMANCE** - Based on conditions disclosed by the Lessee, ICE reasonably expects that the Equipment will perform as required. However, due to ever-present variable factors and underground soil conditions, ICE cannot guarantee performance. Except as set forth herein, ICE makes no warranty, express or implied, concerning the suitability of, or operation of the Equipment. Lessee agrees that its sole remedy in the event of the inability of the Equipment to perform as required will be termination of this Agreement and return of the Equipment to ICE in accordance with its terms. Lessee further agrees that ICE shall not be responsible for any direct or consequential damages of any nature whatsoever except for such remedies as are expressly provided herein.

**ALTERATIONS OR ATTACHMENTS** - Lessee agrees to make no alterations in, or attachments to, the Equipment without prior written consent of ICE. Any and all alterations in, or attachments to, the Equipment are to be removed and/or replaced by the Lessee prior to the return of the Equipment to ICE. If such work has not been performed, all costs incurred by ICE to restore the Equipment to its original condition will be to the Lessee's account.

**CONFESSION OF JUDGMENT AND OTHER REMEDIES OF ICE** - It is agreed that, in addition to the remedy of ICE to enter and retake possession of the Equipment in case of any default, the Lessee further authorizes any attorney of any court of record to appear for it and confess judgment against it and in favor of ICE for any and all expense incident to the retaking thereof, which damages, rental expense and charges, the Lessee hereby authorizes any prothonotary or clerk of any court of record to assess, together with a reasonable attorney's commission and costs of suit, hereby releasing and waiving all errors, inquisition, stays of execution and the right to any hearing or any appeal. Any remedy or remedies herein granted to ICE are expressly understood and agreed to be the cumulative and not alternative. In the event that an action other than judgment by confession is filed by ICE to enforce the provisions of this lease, ICE shall be entitled to its reasonable attorneys' fees as determined by the Court.

**GENERAL** - Lessee agrees not to remove the Equipment from the original location of this Agreement without prior written consent of ICE. This Agreement is not assignable. None of the Equipment may be sublet, assigned or transferred by Lessee without prior written consent of ICE. Any attempt by Lessee to sublet, assign or transfer any of the Lessee's rights, duties or obligations under this Agreement is void. All Equipment furnished under this Agreement shall remain the property of ICE. ICE may retake possession of the Equipment at any time after its discontinuance from rental or the termination of this Agreement. ICE may inspect the Equipment at any time. This Agreement constitutes the entire contract between ICE and Lessee with respect to the rental of the Equipment. The foregoing terms and conditions shall prevail notwithstanding any variance with the terms and conditions of any order submitted by the Lessee with respect to the rental of the Equipment. Any usage of "ICE" in these terms and conditions is understood to refer to International Construction Equipment, INC.

Initials_____

ATT00001

Per documents this is my signature I have read all documents and signed this 9 day of July 2014
David Lewis/Laborde const

Sent from my iPhone