UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | |
| LABORDE CONSTRUCTION INDUSTRIES, L.L.C. | 15-433-SDD-EWD |

## RULING

Before the Court is a *Motion for Entry of Default Judgment* filed by Plaintiff, International Construction Equipment, Inc. ("International").[1] International seeks entry of a default judgment against Defendant, Laborde Construction Industries, L.L.C. ("Defendant" or "Laborde Construction"). Laborde Construction has not filed an opposition to the *Motion*. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the following reasons, International's *Motion* shall be granted.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In July of 2014, International and Laborde Construction entered into an Equipment Lease Agreement for the use of International's equipment, including an I-30 V2 Diesel Hammer, Model 35 power unit, fixed extended open style box leads, and miscellaneous parts, for $12,871.88 per month.[2] Although Laborde Construction rented the equipment for 90 days, International claims that Laborde Construction still owes rental payment for

---

[1] Rec. Doc. 22.
[2] A copy of the Equipment Lease Agreement was submitted with International's *Complaint*. Rec. Doc. 1-2. *See also*, Declaration of Kurt Seufert, C.F.O. of International. Rec. Doc. 22-2, p. 1, ¶3.

33554                                                        1

two months, or $25,743.76.[3]  International further claims that, when Laborde Construction returned the equipment, it "was severely damaged and unusable" and that Laborde owes $36,692.40 in repair costs.[4]  On May 26, 2015, International sent Laborde Construction a demand letter for payment pursuant to La. R.S. 9:2781.[5]  After more than thirty (30) business days lapsed without any receipt of payment, International initiated the instant litigation seeking to recover all repair costs, loss of use, diminution of value, damages, prejudgment and post judgment interest, costs, and reasonable attorney's fees for the prosecution and collection of its claim.[6]

Procedurally, International filed its original *Complaint*[7] against Laborde Construction on July 2, 2015.[8]  A copy of the *Complaint* and *Summons* were served on Laborde Construction through its registered agent, John Laborde, on July 31, 2015.[9]  Subsequently, on July 22, 2015, International filed an *Amended Complaint*[10] solely to add John Laborde and Thomas Laborde, members of Laborde Construction, as Defendants.[11]  International, a North Carolina corporation with its principal place of business in

---

[3] A copy of the Rental Invoices were attached to International's *Complaint*. Rec. Doc. 1-3.  *See also*, Rec. Doc. 22-2, p. 1, ¶4.

[4] Rec. Doc. 1, p. 3, ¶8. A copy of the Repair Invoice was attached to the *Complaint*. Rec. Doc. 1-4. Kurt Seufert, International's C.F.O., attested to the following condition of the equipment in need of repair: "I.C.E. incurred $1,536.24 to repair the I-30 v2 Diesel Hammer.  The fixed extended open style box leads, which are made of high-strength steel, were bent to such a degree that they could not be repaired and maintain their structural integrity.  The box leads were declared a total loss and their replacement value is $35,156.16." Rec. Doc. 22-2, p. 2, ¶5.

[5] Rec. Doc. 1, p. 3, ¶9. A copy of the demand letter dated May 26, 2015, sent via certified mail to Laborde Construction through David Lewis, was attached to the *Complaint*. Rec. Doc. 1-5. (Copy of Demand Letter). La. R.S. 9:2781(A) provides in pertinent part that "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."

[6] Rec. Doc. 1, pp. 3-4, ¶¶9-10.

[7] Rec. Doc. 1.

[8] Rec. Doc. 1.

[9] Rec. Doc. 7. Original Summons was issued by the Court on July 6, 2015. Rec. Doc. 3.

[10] Rec. Doc. 6.

[11] Rec. Doc. 6.

Matthews, North Carolina,[12] is completely diverse from the Defendants, Laborde,[13] which is a Louisiana limited liability company, and John and Thomas Laborde, who are citizens of the State of Louisiana.[14] Further, the amount in controversy exceeds $75,000.[15] Therefore, jurisdiction is proper under 28 U.S.C. § 1332.

Although a *Summons* was issued on August 12, 2015,[16] International contends that its private process server has been unable to serve its *Amended Complaint* on Laborde Construction through its registered agent.[17]  Counsel for International asserts that it notified Laborde Construction about the Court's *90 Day Conference Order* and the need to produce a *Joint Status Report*.[18]  Because Laborde Construction did not respond, International filed a *Status Report*[19] on September 24, 2015 on its own behalf, wherein International apprised the Court of Laborde Construction's failure to appear.[20]

Subsequently, on September 29, 2015, International filed a *Motion for Entry of Preliminary Default*[21] against Laborde Construction.[22]  International also submitted an *Affidavit* attesting to the fact that neither International nor its counsel had been contacted by Laborde Construction.[23]  The following day, the Clerk of Court entered an *Order of Default*[24] against Laborde Construction.  International now moves for entry of a *Default*

---

[12] Rec. Doc. 1, p. 1, ¶1.
[13] Rec. Doc. 1, p. 2, ¶2.
[14] Rec. Doc. 6, p.1, ¶1.
[15] Rec. Doc. 1.
[16] Rec. Doc. 9.
[17] Rec. Doc. 18-2, p. 2, ¶5.
[18] Rec. Doc. 22-1, p. 3.
[19] Rec. Doc. 12.
[20] Rec. Doc. 12, p. 2, ¶F. (International included the following: "On July 31, 2015, Defendant Laborde was served with a copy of the summons and *Complaint*. Defendant Laborde has not made an appearance in this matter. Undersigned counsel forwarded a copy of the *Order* to Defendant Laborde and notified it of the scheduling conference. Undersigned has not received a response from Laborde." (emphasis added)).
[21] Rec. Doc. 18.
[22] Rec. Doc. 18.
[23] Rec. Doc. 18-2.
[24] Rec. Doc. 19.

*Judgment* pursuant to Rule 55 of the Federal Rules of Civil Procedure as to Laborde Construction.[25]

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(a) states a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[26]  However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[27]  As such, even if a defendant is technically in default, "[a] party is not entitled to a default judgment as a matter of right."[28]  Instead, a default judgment is committed to the discretion of the district court.[29]

In determining whether a default judgment should be entered, courts have developed a two-part analysis.[30]  First, a court must consider whether the entry of default judgment is appropriate under the circumstances.[31]  The factors relevant to this inquiry include:  (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to

---

[25] Rec. Doc. 22.
[26] Fed.R.Civ.P. 55(a).
[27] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[28] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).
[29] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[30] *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D.La. 2014)(citing *Busi and Stephenson Ltd. v. U.S. Trade Finance Corp.*, No. 3:13-CV-3935-B, 2014 WL 1661213, at *1, 2014 U.S. Dist. LEXIS 57730, at *3 (N.D.Tex. Apr. 25, 2014)(citing cases*); Fidelity & Guaranty Life Ins. Co. v. Unknown*, No. 13-CV-412-PRM, 2014 WL 2091257, at *2, 2014 U.S. Dist. LEXIS 71313, at *5-6 (W.D.Tex. May 16, 2014)(citing cases)).
[31] *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

set aside the default on the defendant's motion.[32] Second, a court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment.[33] Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."[34]

In conducting the first step of the analysis, the Court finds that the six factors set forth above weigh in favor of default under the circumstances. First, there are no material facts in dispute. Upon entry of default by the Clerk of Court, Laborde Construction is deemed to have admitted to the allegations pled in the *Complaint*.[35] Second, it is undisputed that more than one year has elapsed since the service of the *Complaint* and Laborde Construction's failure to file an answer or other responsive pleadings. Laborde Construction's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [International's] interests."[36] Third, the grounds for default judgment against Laborde Construction are clearly established, as outlined by the Court above. Fourth, there is no evidence before the Court indicating that Defendant's failure to answer or file a responsive pleading was the result of a "good faith mistake or excusable neglect." Fifth, Laborde Construction's failure to file a responsive pleading or defend the instant lawsuit for approximately twelve months mitigates the harshness of the default judgment. Finally, the Court is unaware of any facts that would give rise to "good cause" to set aside the default judgment if challenged by Defendant Laborde

---

[32] *Lindsey*, 161 F.3d at 893.
[33] *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[34] *Id.*
[35] *U.S. v. Chauncey,* 2015 WL 403130, *2 (M.D.La. Jan. 28, 2015).
[36] *Taylor*, 39 F.Supp.3d at 813 (quoting *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3, 2011 U.S. Dist. LEXIS 114940, at *9 (S.D.Tx. Oct. 5, 2011)).

33554            5

Construction. Therefore, after consideration of these factors, the Court finds that entry of default judgment against Laborde Construction is appropriate under the circumstances.

Turning to the second step of the analysis, the Court must "assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment."[37] International has asserted a claim against Laborde Construction under the Louisiana Open Account Statute, La. R.S. 9:2781, seeking to recover money owed pursuant to the parties' Equipment Lease Agreement. In particular, International is seeking to recover unpaid rental fees and costs to repair and replace certain pieces of equipment.[38] The Court has carefully reviewed the well pled facts of International's *Complaint* and evidence attached thereto and submitted in support of its *Motion* along with the applicable law and jurisprudence.[39] The Court finds that International has established, by admitted facts and competent evidence, that Laborde Construction is liable to International for unpaid rentals and repair costs per La. R.S. 9:2781.

A defaulting defendant "concedes the truth of the allegations of the *Complaint* concerning the defendant's liability, but not damages."[40] A court's award of damages must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts."[41] In this case, the evidence clearly establishes that International is entitled to recover $25,743.76 for unpaid rental fees, $1,536.24 in costs to repair the I-30 v2 Deisel Hammer, and $35,156.16 to replace the

---

[37] *Id.*
[38] Rec. Doc. 1, p. 3, ¶7 (unpaid rental for two months totaling $25,743.76), and ¶8 ($36,692.40 for repairs). *See also*, Rec. Doc. 1-2 and 1-3 (copy of Equipment Lease Agreement and Rental Invoices), and Rec. Doc. 1-4 (copy of Repair Invoice).
[39] *Sandair Corp. v. Davis Industries*, 470 So.2d 279 (La.App. 5 Cir. 5/13/85)(discussing how rental contracts considered open accounts under La. R.S. 9:2781).
[40] *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002))(emphasis added).
[41] *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

value of the fixed extended open style box leads. La. R.S. 9:2781 provides for an award of attorney's fees for the prosecution and collection of a claim when judgment on the claim is rendered in favor of the claimant. Therefore, International is also entitled to recover reasonable attorney's fees, costs, and prejudgment and post judgment legal interest in obtaining this *Judgment*.

## III.   CONCLUSION

Accordingly, International Construction Equipment, Inc.'s *Motion for Default Judgment*[42] is hereby GRANTED.

**IT IS HEREBY ORDERED** that *Judgment* is rendered against Defendant, Laborde Construction Industries, L.L.C., for the $25,743.76 for unpaid rental fees, $1,536.24 in repair costs for the I-30 v2 Diesel Hammer, and $35,156.16 for the replacement value of the fixed extended open style box leads, plus prejudgment and post judgment legal interest thereon.

**IT IS FURTHER ORDERED** that International Construction Equipment, Inc. is awarded attorney's fees and costs. International shall file an *Affidavit* of Attorney's Fees and Costs incurred in obtaining this *Judgment,* pursuant to La. R.S. 9:2781, within 21 days of the date of this *Order* so that the Court may determine the amount of reasonable attorney's fees to be awarded. A separate *Judgment* in favor of Plaintiff shall issue in accordance with Rule 58.

Signed in Baton Rouge, Louisiana on <u>August 24, 2016.</u>

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. 22.

33554                                                              7