**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | |
| LABORDE CONSTRUCTION INDUSTRIES, L.L.C. | 15-433-SDD-EWD |

**SUPPLEMENTAL REASONS ON RULING**

The above captioned matter is a suit on an open account. The Court entered a *Ruling and Order*[1] on August 24, 2016 confirming a default judgement in favor of Plaintiff, International Construction Equipment, Inc. ("ICE"), and against Defendant Laborde Construction Industries, LLC ("Laborde"). Upon further review of the record, the Court *sua sponte* assigns supplemental reasons addressing the amount in controversy required for subject matter jurisdiction.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In July of 2014, ICE leased equipment to Laborde for the agreed upon rate of $12,871.88 per month. The lease term was 90 days. Laborde paid the first month's rental but failed to pay two months rental or $25,743.76. International further claims that, when Laborde returned the equipment, it was severely damaged and unusable and that Laborde owes $36,692.40 in repair costs. In addition to the unpaid rental and the repair costs, ICE prayed to recover damages for loss of use, diminution of value, prejudgment and post judgment interest, costs, and reasonable attorney's fees. After failing to appear

---
[1] Rec. Doc. 23.

39397

and defend the claims and upon proof by ICE, the Court entered Default Judgment against Laborde for "$25,743.76 for unpaid rental fees, $1,536.24 in repair costs for the I-30 v2 Diesel Hammer, and $35,156.16 for the replacement value of the fixed extended open style box leads, plus prejudgment and post judgment legal interest thereon."[2] Presently pending before the Court is an *Affidavit*[3] in support of ICE's prayer for attorney's fees.

Plaintiff originally filed in this Court asserting jurisdiction pursuant to 28 U.S.C. § 1332, alleging that the Parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In its *Ruling*[4] granting a Default Judgment, the Court made factual findings regarding the complete diversity of citizenship as between the Parties. The Court assigns these supplemental reasons regarding the amount in controversy required to support this Court's jurisdiction.

**II.     AMOUNT IN CONTROVERSY**

The default judgment amount totals $62,436.76 plus prejudgment and post-judgment interest and attorney's fees. Although the ultimate judgment is below the jurisdictional threshold needed for jurisdiction, the determination is not a question of hindsight but, rather, whether Plaintiff pled factual allegations in the *Complaint*[5] indicating that its claim would more likely than not exceed $75,000.00, exclusive of interest and costs.

---

[2] Rec. Doc. 23.
[3] Rec. Doc. 24.
[4] Rec. Doc. 23.
[5] Rec. Doc. 1.

39397

On the face of the *Complaint*,[6] the Plaintiff specifically sets out losses totaling $62,436.16.[7] In addition to the specific loss amount, the Plaintiff also claims damages for loss of use and diminution in value of the equipment, and reasonable attorney's fees. The Court finds that, based upon documented repair costs which exceeded the past due rental amount, additional damages for the equipment's diminution in value, plus an award of reasonable attorney's fees available under La. R.S. 9:2781, more probably than not exceeded the jurisdictional amount.[8]

Signed in Baton Rouge, Louisiana on <u>June 1, 2017</u>.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] *Id.*
[7] $25,743.76 in unpaid rent plus $36,692.40 in repair costs.
[8] See, *Edinburgh v American Security Ins. Co.,* 2010 WL 3923292 (E.D. La. 2010).

39397