**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. | CIVIL ACTION NO. |
| VERSUS | 15-433-SDD-EWD |
| LABORDE CONSTRUCTION INDUSTRIES, LLC. | |

**RULING**

This matter is before the Court on the *Affidavit of Attorney's Fees & Costs*[1] filed by the Plaintiff, International Construction Equipment Inc. ("Plaintiff"). Defendants, Laborde Construction Industries, LLC. ("Laborde") have not filed an opposition to this affidavit and have failed appear in this case. For the following reasons, the Court finds that Plaintiff's affidavit for attorney's fees is sufficient and the amount requested will be granted.

**I.    FACTUAL BACKGROUND**[2]

The Court in its *Ruling*[3] awarded Plaintiff attorney's fees and costs. Before the Court is an *Affidavit*[4] filed by Plaintiff's in support of their award of attorney's fees and costs. Defendants have not filed any opposition to the ruling or the affidavit filed by Plaintiffs.

---

[1] Rec. Doc. 24.
[2] The Court incorporates by reference the "Relevant Factual and Procedural Background" in Rec. Doc. 23, pp. 1-4.
[3] Rec. Doc. 23.
[4] Rec. Doc. 24.
39432

D. Gregory
N. Toups

## II. ATTORNEY'S FEES

Considering the Court's ruling in favor of Plaintiff and awarded damages in the amount of $ 62,436.16,[5] Plaintiff now seeks attorney's fees in the amount of $4,800.00 and costs in the amount of $664.74.[6]

### A. The Lodestar Approach

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[7] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[8] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[9]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[10] The party seeking the fee bears

---

[5] Rec. Doc. 23, p. 7.
[6] Rec. Doc. 24-1, p. 4.
[7] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S.424, 436–37 (1983).
[8] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors*, 919 F.2d at 379.
[9] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).
[10] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 919 F.2d 374, 379 (5th Cir. 1990); *Migis v. Pearle Vision, Inc.,* 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).
39432

the burden of proof on this issue.[11]

1. Reasonable Hours Expended

The Court begins by determining whether the number of hours claimed by Plaintiff's attorneys is reasonable.[12] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[13] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[14]

Here, attorney Gennusa provided a detailed performance log of the services provided by counsel that complies with Local Rule 54. The Court finds that the log demonstrate that Gennusa exercised proper judgment in billing for services necessary in the ordinary course of litigation. The Court finds the log entries consistent with the timeline and filings in this case and typical with respect to the duties necessary in such a case. The Court did not find the entries to be duplicative, unnecessary, or overly broad. Additionally, Genussa submitted an affidavit attesting to the veracity of the detailed time log.[15] Campbell and Brady also contend they excluded from their performance logs time for intra-office meetings and conferences on this matter.

The Court is satisfied that the explanations provided by Plaintiff's attorney is

---

[11] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).
[12] *Migis*, 135 F.3d at 1047.
[13] M.D. La. LR54(b).
[14] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[15] *See* Rec. Doc. 24, pp. 1-2.
39432

sufficient to establish entitlement to the fees sought.

### 2. Reasonable Hourly Rates

The Court must also determine if the hourly rate of $150/hour for Gennusa is reasonable given counsel's ability, competence, experience, and skill. An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[16] The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[17]

The party seeking attorney's fees has the burden of producing satisfactory evidence that the requested rate is aligned with the prevailing market rate.[18] "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee.[19] Rather, "[t]o inform and assist the court in [determining the reasonable rate]," the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits,[20] as well as "affidavits of other attorneys practicing [in the community in question]."[21] In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate.[22]

---

[16] *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).
[17] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).
[18] *Kellstrom*, 50 F.3d at 324.
[19] *See Hensley*, 461 U.S. at 440.
[20] *See Blum*, 465 U.S. at 896 n. 11.
[21] *Tollett,* 285 F.3d at 368. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir.1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community").
[22] *Kellstrom*, 50 F.3d at 328.

Under the case law considered by the Court,[23] which includes cases in the Middle and Eastern District Courts of Louisiana,[24] the Court finds that the requested rate of $150 per hour for Gennusa is appropriate.

3. The *Johnson* Factors

The Court must next consider whether the lodestar calculation should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[25] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or

---

[23] *Overman v. City of East Baton Rouge*, Civ. A. No. 13-614, 2015 WL 7459988, *4 (M.D. La. Nov. 24, 2015)(court awarded $225 an hour in an employment discrimination case to an attorney with more than 30 years of experience); *Advocacy Center v. Cain*, Civ. A. No. 3:12-00508, 2014 WL 1246840 at *6 (M.D. La. Mar. 24, 2014)(approving $350 and $275 per hour rates based on experience and expertise of attorney); *Alexander v. Ace American Ins. Co.*, Civ. A. No. 14-370, 2014 WL 4163756 at *2 (E.D.La. Aug. 19, 2014) (sanctioning $250/hour for attorney with ten years of experience and $200/hour for attorney with four years' experience); *Cox. v. Precision Surveillance Org.*, Civ. A. No. 13–6600, 2014 WL 1785350 at *2 (E.D.La. May 5, 2014) (sanctioning $275.00/hour for attorney with ten years' experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No.12-2776, 2013 WL 6198861 (E.D.La. Nov. 27, 2013) (approving $250/hour for attorney with 24 years' experience); *Cole v. Orleans Parish Sheriff's Office*, 2013 WL 5557416 at *4 (E.D.La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years' experience and from $300/hour to $250/hour for attorney with 29 years' experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 at * 2 (E.D .La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years' experience and from $300/hour to $275/hour for attorney with eight years of experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 at *4 (E.D.La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years of experience); *Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09–7367, 2010 WL 4812921 (E.D.La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, 2010 WL 3943543 (E.D.La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years of experience respectively).

[24] The prevailing market fee is generally determined by affidavits filed by attorneys practicing in the area. *Ball v. LeBlanc*, 2015 WL 4454779 at *3 (M.D. La. July 20, 2015), quoting *Tollett*, 285 F.3d at 368. However, markets of comparable sizes can be informative in determining the prevailing market rate of another district. *See e .g., Strogner v. Sturdivant*, No. 10–125–JJB–CN, 2011 WL 6140670, at *2 n. 4 (M.D.La. Dec. 9,2011) (finding that the rate in New Orleans could help determine the rate in Baton Rouge because after Hurricane Katrina, the size of New Orleans and Baton Rouge became more comparable); *Advocacy Center v. Cain,* 2014 WL 1246840, at *7 n. 6 (same).

[25] 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).

39432

contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[26]

Regarding the *Johnson* factors, the Court finds that these factors do not warrant any additional adjustment from the lodestar amount. Indeed, many of these factors were subsumed in the original lodestar estimate. Accordingly, the Court determines that a fee award of $4,800.00 is reasonable compensation for the attorney's efforts in this case.

**B. Costs**

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

**III. CONCLUSION**

For the reasons set forth above, attorney's fees in the amount of $4,800 is GRANTED in favor of the Plaintiff. The matter of costs and expenses is referred to the Clerk's Office.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 5, 2017.</u>

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[26] *Johnson*, 488 F.2d 714, 717–19.
39432